UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RONALD J. SOUCIE,                )
                                 )
            Plaintiff            )
v.                               )   2:14-cv-00006-DBH
                                 )
DEBORAH DUBOIS, et al.,          )
                                 )
            Defendant            )

**RECOMMENDED DECISION**

On January 8, 2014, Ronald Soucie filed a complaint naming Debora Dubois, Michael Alfano, and Judge Michael Contera as defendants. (ECF No. 1.) In his complaint, Soucie complains that Judge Michael Contera "is allowing hearsay and nothing else" and is expressing what sounds like annoyance at Soucie's efforts to present evidence in Soucie's divorce proceeding. Soucie also filed a motion for leave to proceed in forma pauperis. (ECF No. 2.) I reserved ruling on the motion to proceed in forma pauperis and ordered as follows:

> [P]laintiff indicates he has $387.00 per week income from unemployment and he also checked on item 3(f) that he has other sources of income, but he did not describe each source of money and the amount received as required by the instructions. Therefore plaintiff is ordered to supplement or clarify his IFP application by January 17, 2014.

(Text Order of January 8, 2014, ECF No. 5.) I also noted "that this court does not have subject matter jurisdiction over this complaint asking it to intervene in an ongoing state court action" such that it was likely that Soucie's action would be dismissed even if his motion for IFP status were granted. (Id.)

As of today's date, plaintiff has offered no supplementation or clarification of his application. I recommend that the Court deny Soucie's motion for leave to proceed in forma

pauperis because he has failed to supplement or clarify his motion as ordered on January 8, 2014, and for that reason alone dismissal of this action is warranted.

Additionally, although the federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action, the statute authorizes the court to dismiss actions that fail to state a viable claim or that present frivolous, malicious, or repetitive claims. Id. § 1915(e)(2)(B). "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989). As Soucie has perhaps come to appreciate, federal courts are courts of limited jurisdiction and there is no jurisdiction in this Court to grant him relief in connection with an ongoing state court divorce proceeding. Younger v. Harris, 410 U.S. 37 (1971) (instructing federal courts not to interfere in ongoing state court litigation); Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007) (explaining that Younger abstention "is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."). Here, it is plain that the first and third requirements of Younger abstention are met. It is also evident that the dissolution of a Maine couple's marital estate implicates an important state interest. Therefore, abstention is called for. See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Coles v. Reid-Coles, No. 2:11-cv-00219-GZS (D. Me. Nov. 2, 2011) (Mag. J. report and recommendation), adopted over objection (Dec. 13, 2011) (explaining that although the Rooker-Feldman doctrine is not

2

squarely on point when it comes to federal litigation over currently pending state court divorce proceedings, fundamental abstention principles require that parties to such proceedings raise their objections in the state proceedings and, if dissatisfied with the outcome, pursue the issues in appeals to the state appellate courts and, thereafter, in petitions for certiorari to the United States Supreme Court).[1]

Accordingly, it is recommended that the Complaint be **DISMISSED** for plaintiff's failure to prosecute this action and for want of jurisdiction over the subject matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 23, 2014

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[1] Although Soucie has not asserted any claim for damages, it bears mentioning that judges have absolute immunity from civil damages actions so long as they act within their judicial capacity. "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). As for the other defendants, who presumably are the opposing party and counsel in the divorce proceeding, an opposing party enjoys an "absolute privilege" against civil liability for the content of her allegations and the testimony provided in the course of legal proceedings, see Dineen v. Daughan, 381 A.2d 663, 664 (1978); Restatement (Second) of Torts §§ 587 (parties) & 588 (witnesses) (1977), and counsel enjoys a similar privilege in connection with advocacy in pending litigation, Dineen, 381 A.2d at 664-65. Finally, a review of the complaint in relation to the latter two defendants fails to disclose anything that could fairly be regarded as a violation of the United States Constitution or other federal law, let alone something done under color of state law for purposes of 42 U.S.C. § 1983.